**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BARRY OSKOUI,      ) | |
|          Plaintiff,      ) | |
|          )    | |
|     v.      ) | |
|          )    | Case No. 08 C 6299 |
| RED ROOF INNS, INC, REDTOP      ) | |
| PROPERTY, LLC, R-ROOF IV, LLC,      ) | |
| ACCOR NORTH AMERICA, INC., f/k/a      ) | |
| ACCOR ECONOMY LODGING, INC.,      ) | |
|          )    | |
|          Defendant.      ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On December 5, 2008, Plaintiff Barry Oskoui ("Oskoui") filed an Amended Complaint against Red Roof Inns, Inc., Redtop Property, LLC, R-Roof IV, LLC, and Accor North America, Inc., f/k/a Accor Economy Lodging Inc. (collectively "Red Roof") based on the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The only remaining claims in this lawsuit are for premise liability (Counts VI-IX) and common law negligence (Counts XI-XIV) concerning a November 5, 2006 incident at the Red Roof Inn located at 2500 Hassell Road, Hoffman Estates, Illinois.[1] Before the Court are the parties' cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the Court grants Red Roof's motion for summary judgment and denies Oskoui's motion for summary judgment. The Court therefore dismisses this lawsuit in its entirety.

---

[1] On June 8, 2009, the Court granted Red Roof's motion to dismiss Oskoui's claims based on the "highest degree of care" standard (Counts I-IV). On August 20, 2009, the Court granted Defendant Citigroup, Inc., d/b/a Citigroup Global Markets, Inc., a/k/a/ Citigroup Global Markets Holdings, Inc.'s ("Citigroup") summary judgment motion as to all claims against it (Counts V, X, XV) and dismissed Citigroup as a Defendant from this lawsuit.

## BACKGROUND

I. **Northern District of Illinois Local Rule 56.1**

Northern District of Illinois Local Rule 56.1 assists the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 632 (7th Cir. 2009). "The opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *Id.* (citing N.D. Ill. R. 56.1(b)(3)(B)). Also, Local Rule 56.1(b)(3)(C) requires the nonmoving party to present a separate statement of additional facts that require the denial of summary judgment. *See Ciomber v. Cooperative Plus, Inc.,* 527 F.3d 635, 643-44 (7th Cir. 2008).

The purpose of Rule 56.1 statements is to identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan,* 467 F.3d 1057, 1060 (7th Cir. 2006) ("statement of material facts did [] not comply with Rule 56.1 as it failed to adequately cite the record and was filled with irrelevant information, legal arguments, and conjecture"). The Court may disregard statements and responses that do not properly cite to the record. *See Cichon,* 401 F.3d at 809-10; *see also Corley v. Rosewood Care Ctr., Inc. of Peoria,* 388 F.3d 990, 1001 (7th Cir. 2004) (when a party fails to cite the record, "we will not root through the hundreds of documents and thousands of pages that make up the record here to

make his case for him."). It is well-established that "district courts are entitled to expect strict compliance with Local Rule 56.1." *Raymond v. Ameritech Corp.,* 442 F.3d 600, 604 (7th Cir. 2006).

Because Oskoui failed to file a Local Rule 56.1(b)(3)(B) response to Red Roof's Local Rule 56.1(a)(3) Statement of Facts, the Court admits Red Roof's Statement of Facts as undisputed. *See Patterson v. Indiana Newspapers, Inc.,* 589 F.3d 357, 360 (7th Cir. 2009); *Cracco,* 559 F.3d at 632. The Court also disregards any citations to the record in the parties' legal memoranda that do not reference their Local Rule 56.1 Statements of Fact. *See Malec v. Sanford,* 191 F.R.D. 581, 586 (N.D. Ill. 2000) ("Citations in the fact section should be to the 56.1(a) or (b) statement of facts only"); *see, e.g., Gross v. Town of Cicero, Ill.,* 619 F.3d 697, 708 (7th Cir. 2010).

## II.     Relevant Facts

Oskoui resided at the Red Roof Inn located at 2500 Hassell Road, Hoffman Estates, Illinois from April 2006 until the day of the incident, November 5, 2006. (R. 104, Def.'s Rule 56.1 Stmt. Facts ¶ 1; R. 91, Pl.'s Rule 56.1 Stmt. Facts ¶ 1.) Due to a shoulder injury, Oskoui asked for a handicapped accessible room – room number 134 – in which he was staying on November 5, 2006. (Pl.'s Stmt. Facts ¶ 3.) On that date, Oskoui took a shower, opened the shower curtain, and reached for a towel. (*Id*. ¶¶ 6, 7; Def.'s Stmt. Facts ¶ 10.) When Oskoui attempted to retrieve the towel, he started falling, after which he used the towel rack to catch his fall. (Pl.'s Stmt. Facts ¶¶ 9, 10; Def.'s Stmt. Facts ¶¶ 5, 53.) Oskoui specifically testified that while he started to fall forward he "twisted the towel bar so I can lean on it, you know, in a way so I could maybe exert force to pull myself up, but my weight was pushing me down and I

3

noticed my whole eye is going into the towel bar." (Def.'s Stmt. Facts ¶ 14; *see also* Pl.'s Stmt. Facts ¶¶ 11, 12, 14.) Thereafter, Oskoui's eye was surgically removed. (Pl.'s Stmt. Facts ¶ 15.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).[2] A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

## ANALYSIS

The parties do not dispute that Illinois law governs this premises liability/negligence action. Under Illinois law, "to recover damages based upon negligence, a plaintiff must prove

---

[2] Effective December 1, 2010, Federal Rule of Civil Procedure 56 was amended. Among other changes, the summary judgment standard previously enumerated in subsection (c) was moved to subsection (a), and its wording was changed from "genuine issue" to "genuine dispute." Nevertheless, according to the 2010 Advisory Committee Notes, "the standard for granting summary judgment remains unchanged."

4

that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injury." *Krywin v. Chicago Transit Auth.,* 238 Ill.2d 215, 345 Ill.Dec. 1, 938 N.E.2d 440, 446 (Ill. 2010); *see also Staples v. Krack Corp.,* 186 F.3d 977, 979 (7th Cir. 1999).

"The touchstone of the duty analysis is to ask whether the plaintiff and defendant stood in such a relationship to one another that the law imposes on the defendant an obligation of reasonable conduct for the benefit of the plaintiff." *Krywin,* 938 N.E.2d at 447. Here, the innkeeper-guest relationship applies. *See Iseberg v. Gross*, 227 Ill.2d 78, 88, 316 Ill.Dec. 211, 879 N.E.2d 278 (Ill. 2007); *Olivarius v. Tharaldson Prop. Mgmt., Inc.,* 695 F.Supp.2d 824, 831 (N.D. Ill. 2010) ("In Illinois a hotel owes the duty of care to its guests that possessors of land do to business invitees."). This special relationship "imposes on an innkeeper a duty to exercise 'ordinary' care in protecting its guests from injury, and does not impose a 'heightened' duty to protect guests generally from danger." *Schmid v. Fairmont Hotel Company-Chicago,* 345 Ill.App.3d 475, 484, 280 Ill.Dec. 936, 803 N.E.2d 166 (Ill. 2003); *see also Olivarius,* 695 F.Supp.2d at 831 ("the hotel owes a duty to its guests to exercise ordinary care in maintaining the premises in a reasonably safe condition").

**I.     Breach of Duty**

The Court first turns to Oskoui's argument that Red Roof failed to properly maintain the towel rack – which is an argument that pertains to whether Red Roof breached its duty to maintain the premises in a reasonably safe condition. *See Olivarius,* 695 F.Supp.2d at 832 (collecting Illinois cases). Because this issue is dispositive, the Court assumes for the sake of this summary judgment order that Red Roof owed a duty to Oskoui and turns to Oskoui's breach

argument. *See Montgomery v. American Airlines, Inc.,* 626 F.3d 382, 389 (7th Cir. 2010) (at summary judgment, the plaintiff must "make a showing sufficient to establish any essential element of [his] cause of action for which [he] will bear the burden of persuasion at trial.") (citation omitted).

Part of a property owner's duty to exercise ordinary care in maintaining the premises in a reasonably safe manner includes the duty to inspect and repair dangerous conditions on the property. *See Culli v. Marathon Petroleum Co.,* 862 F.2d 119, 123 (7th Cir. 1988); *see also Peterson v. Wal-Mart Stores, Inc.*, 241 F.3d 603, 604-05 (7th Cir. 2001). To be liable for failure to repair, Red Roof must have had "actual or constructive knowledge of the alleged defect and failed to take a reasonable precaution to avoid injury to its patrons and others." *Bloom v. Bistro Restaurant Ltd., P'ship.,* 304 Ill.App.3d 707, 712, 237 Ill.Dec. 698, 710 N.E.2d 121 (Ill. 1999); *see also Turner v. Northern Ill. Gas Co.,* 401 Ill.App.3d 698, 707, 341 Ill.Dec. 208, 930 N.E.2d 418 (Ill. 2010) ("For an act or omission to be regarded as negligent, the defendant must have known, or ought to have known from the circumstances, that the allegedly negligent act or omission endangered another."); *Mueller v. Phar-Mor, Inc.,* 336 Ill.App.3d 659, 666, 271 Ill.Dec. 8, 784 N.E.2d 226 (Ill. 2000) ("constructive or actual notice is a fundamental element of a premises liability claim"). To "establish actual knowledge, the plaintiff must offer some evidence that the defendant was aware of the condition." *Olivarius,* 695 F.Supp.2d at 832. Constructive knowledge, on the other hand, can be established by showing that "(1) the defect or condition existed for a sufficient amount of time that the defendant should have discovered it in the exercise of reasonable care, or (2) the dangerous condition was part of a pattern of conduct or a recurring incident." *Id.* at 833 (citing *Culli*, 862 F.2d at 123.)

6

Undisputed evidence in the record establishes that Angel Lopez, a maintenance worker at the Red Roof Inn on Hassell Road in Hoffman Estates, checked each room approximately once a month and filled out a "room project notes" form if something was wrong. (Pl.'s Stmt. Facts ¶¶ 16, 18, 19; Def.'s Stmt. Facts ¶ 30.) It is also undisputed that Lopez would check the towel racks to see if any of them were loose and needed to be addressed. (Def.'s Stmt. Facts ¶ 37.) Further, housekeeping checked the rooms, reported the necessary repairs to Lopez, and also filled out the relevant repair forms. (Pl.'s Stmt. Facts ¶ 20; Def.'s Stmt. Facts ¶ 31.) In addition, Red Roof's headquarter manager checked the rooms twice a year and listed problems that needed to be fixed and then followed-up to see if the repairs had been performed. (Pl.'s Stmt. Facts ¶¶ 26, 27.) There is no evidence in the record, however, that pursuant to these routine inspections, the towel rack in Oskoui's room needed repair and Oskoui never complained about the bathroom or the towel rack in room 134. (Def.'s Stmt. Facts ¶¶ 17, 23.) Because Oskoui's counsel failed to file a Local Rule 56.1(b)(3)(B) response to Red Roof's Local Rule 56.1(a)(3) Statement of Facts, there is also undisputed evidence in the record that there were no code violations associated with the towel rack at issue. (*Id.* ¶ 42.)

Oskoui nonetheless argues that actual or constructive notice is not necessary under the circumstances because Red Roof created the condition, namely, that the towel rack failed to have the proper structural integrity in accordance with the relevant building codes. *See Tomczak v. Planetsphere, Inc.,* 315 Ill.App.3d 1033, 1038, 249 Ill.Dec. 58, 735 N.E.2d 662 (Ill. 2000) (if the "landowner did not create the condition, the plaintiff must be required to establish that the landowner knew or should have known of the defect."); *see, e.g., Turner,* 401 Ill.App.3d at 711. Again, it is undisputed that there were no code violations associated with the towel bar at issue

7

and that there was no requirement that a towel rack be designed or have the requirement to hold the body weight of a human. (Def.'s Stmt. Facts ¶¶ 27, 42.)

Viewing the facts and all reasonable inferences in Oskoui's favor, he has failed to show that Red Roof had actual or constructive knowledge that the towel rack in his room was defective or that Red Roof caused any such defect in the first instance. As such, Oskoui has not established that there is a genuine dispute as to any material fact that Red Roof breached its duty.

Nevertheless, Oskoui's counsel also argues that Red Roof was liable to Oskoui for failing to properly maintain grab bars in the handicapped accessible bathroom area in violation of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.* Title III of the ADA forbids discrimination against disabled individuals in major areas of public life, including public accommodations. *See PGA Tour, Inc. v. Martin,* 532 U.S. 661, 675, 121 S.Ct. 1879, 149 L.Ed.2d 904 (2001). It is well-established, however, that if a plaintiff is "not disabled within the meaning of the Act, []he is not protected by its substantive anti-discrimination provisions." *Squibb v. Memorial Med. Ctr.,* 497 F.3d 775, 786 (7th Cir. 2007). Here, there is no evidence in the record that Oskoui was disabled at the time of the incident as defined by the ADA. *See* 42 U.S.C. § 12102(2); *Fredricksen v. United Parcel Service, Co.,* 581 F.3d 516, 521 (7th Cir. 2009). Similarly, because Oskoui is not a person with a disability, his arguments based on the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3601 *et seq.*, must fail. *See Wisconsin Cmty. Servs., Inc. v. City of Milwaukee,* 465 F.3d 737, 748 (7th Cir. 2006) (under FHAA "disabled individuals may not be prevented from buying or renting private housing because of their disabilities"). More importantly, Oskoui himself testified that he never used the grab bars in the shower and had no complaints about them. (Def.'s Stmt. Facts ¶ 22; Ex. A,

Oskoui Dep., at 175.) Based on this undisputed evidence, any reliance on the ADA and FHAA to establish that Red Roof breached its duty to Oskoui is misplaced.

## II.     Proximate Cause

Oskoui's premises liability claim also fails because he has not established that Red Roof's conduct was the proximate cause of his injury. "To survive a motion for summary judgment in a negligence action, a plaintiff must provide evidence showing the defendant's breach of duty proximately caused his injuries." *Olivarius,* 695 F.Supp.2d at 834. Proximate cause contains two required elements – cause in fact and legal cause. *See Krywin v. Chicago Transit Auth.,* 238 Ill.2d at 226. "Cause in fact exists where there is a reasonable certainty that a defendant's acts caused the plaintiff's injury." *Id.* On the other hand, a "defendant's conduct is a 'legal cause' of a plaintiff's damages if a reasonable person would find the damages as a foreseeable or likely result of defendant's conduct." *Herlehy v. Marie V. Bistersky Trust,* ___ Ill.App.3d ___ 347 Ill.Dec. 190, 207, 942 N.E.2d 23, 40, (Ill. 2010). Put differently, "[l]egal cause is essentially a question of foreseeability" and to "establish legal cause, the injury must be foreseeable as the type of harm that a reasonable person would expect to see as a likely result of his or her conduct." *Robinson v. Boffa,* 402 Ill.App.3d 401, 405, 341 Ill.Dec. 573, 930 N.E.2d 1087 (Ill. 2010); *see also Schmid v. Fairmont Hotel Company-Chicago,* 345 Ill.App.3d 475, 491, 280 Ill.Dec. 936, 803 N.E.2d 166 (Ill. 2003) ("Foreseeability is to be judged by whether it was 'objectively reasonable' to expect an injury to occur and not whether an injury might conceivably occur").

In its motion for summary judgment, Red Roof maintains that even if Oskoui can establish that Red Roof breached its duty of reasonable care as a inn-keeper, Oskoui cannot

9

establish that Red Roof's conduct is the legal cause of his eye injury. In particular, Red Roof argues that – assuming the towel rack was defective and that there were no handicapped grabs bar in his room – it was not objectively foreseeable that a guest would start to fall forward and twist the towel bar so he could lean on it and exert force to pull himself up and then fall on the towel bar which then lodged in his eye. The Court agrees because under Illinois law events that are highly extraordinary, tragically bizarre, or unique are not considered reasonably foreseeable. *See Schmid,* 345 Ill.App.3d at 485; *Zakoff v. CTA,* 336 Ill.App.3d 415, 423, 270 Ill.Dec. 314, 782 N.E.2d 873 (Ill. 2002). Construing the facts of this case in Oskoui's favor, the Court would be hard-pressed to conclude that the injury Oskoui suffered is the type of harm that a reasonable person would expect as a likely result of his conduct. *See Robinson,* 402 Ill.App.3d at 405. Accordingly, the Court grants Defendant's summary judgment motion on this basis as well.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment brought pursuant to Federal Rule of Civil Procedure 56(a). Further, the Court dismisses Defendant's motion to strike as moot. The Court dismisses this lawsuit in its entirety.

**Date:** April 11, 2011

                                           **ENTERED**

                                           _____
                                           **AMY J. ST. EVE**
                                           **United States District Court Judge**